Archibald C. Wemple, J.
Briefly, the petitioning school district filed a petition in this court to condemn the farm of the defendants. After a brief hearing, the order referred to above and dated October 15, 1957 was signed by the presiding Justice. As stipulated at the hearing, the description of the property to be acquired was amended; certain parties defendant were dropped; the prayer of the petitioner was granted, stating that public use required the condemnation of the property belonging to the defendants; the order further provided that the petitioner was entitled to take and acquire certain property for public use upon making a compensation therefor; that said use was a public use — that is, the construction of school buildings and areas adjacent thereto. It also appointed a commission of three to fix and ascertain the compensation to be made to the defendant owners, and further provided that since public interest would be prejudiced by any delay in construction, the petitioner was authorized to enter immediately upon the property. This order was presented by petitioner’s attorney and was signed after instruction by the court to submit said decree to all the attorneys for the parties interested in this proceeding. There has been no appeal from said order. The defendants *6 contend, however, that it is a nullity since there was no default.
Thereafter and on October 16, 1957, the defendants herein filed an answer denying certain allegations in the petition and setting up certain defenses.
Thereafter followed negotiations and conferences by and between the parties and the presiding Judge; motions and countermotions by and between the parties hereto relating to possession of and quantity of land to be taken, the temporary occupation of part of the premises by the defendants over the winter of 1957-1958 and other matters pertaining to the acquisition of the property.
The answer raises several possible issues. However, on or about December 26, 1957 the parties hereto stipulated in open court as follows:
“ Stipulated by and between said Nicholas Grasso, Attorney for the Petitioner, and Maurice W. Grady, Attorney for the Respondents, Stanley Gorga and Antonina Gorga, as follows:
“ (1) That the only issue in this proceeding concerns itself with the quantity of land to be taken, and said parties stipulate that this Court shall review said issue at a hearing to be held at the earliest convenient time. To clearly frame said issue, it is further
‘ Stipulated that the petition be amended to include ‘ A concise statement of the facts showing the necessity of its acquisition for such use.’ The use being allegedly a public use for school buildings and allied purposes, all in accordance with Section 4, paragraph 3, of the Condemnation Law.
“ It is further stipulated that the respondents Stanley Gorga and Antonina Gorga will amend their answer to contain a denial that all of said property described in the petition is required for such public use.
“ It is further stipulated that there are no other issues raised in the pleadings, neither those specified in the decision of this Court, dated December 20, 1957, and Number One, Two, Three, Four and Six, nor any others. ’ ’
The effect of this stipulation was to open the judgment or order to the extent of trying out the issue of quantity. The petitioner is already in possession of a substantial portion of the land and has progressed with the construction of the school buildings. It asks for total possession to complete site development, lay mains, etc.
At least it is clear that the defendant property owners and the petitioner conceded that there was only one issue to be tried — that is, the amount of land necessary to be taken by the *7 school district for the construction of a school. Later and by stipulation, this issue was referred to the Honorable Harold A. Friedman, Referee, who conducted a series of hearings and rendered a decision on August 13, 1958, in which he found:
“ On the question of fact referred to me for decision, it is my decision that the plan of the plaintiffs is a good one and a reasonable one and that the plaintiffs are entitled to the approximately sixty-one (61) acres of land which they are seeking, the said acreage constituting the entire plot in question as described in the amended petition. Neither party having submitted requests to find nor proposed findings of fact and conclusion of law, this opinion and report shall stand as the decision of the Referee in compliance with Sections 440 and 470 of the Civil Practice Act, and judgment may be entered thereon.”
Based upon said decision, judgment has been entered. The only issue of fact has been decided. The Referee has found that the petitioner is entitled to all the land of the defendants. There seems to be no good and sufficient reason for further delay. The petitioning school district should not only continue in possession of the land which the defendant owners have already permitted the petitioner to take over, but it should also be put into possession of lands now temporarily occupied by the defendants.
In order to secure the defendants from any damages arising out of putting the school district into possession, the court hereby orders that the school district deposit, as security, the sum of $75,000. This sum is hereby fixed as a sum representing security only, and is not to be taken to reflect the court’s opinion of the value of the land and buildings acquired. The question of value of the property and the compensation to be awarded to the defendants is to be decided in accordance with the Condemnation Law, by testimony before the commissioners heretofore appointed. The commissioners are directed to proceed forthwith.
Defendants are granted a reasonable time to remove from the premises in which they now live. The petitioner is permitted to demolish buildings not in actual use, to lay any necessary pipe lines, do any necessary grading and perform any other necessary work while the defendants are in process of moving.
Enter order accordingly.